IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CYNTHIA FREY-HODGE, | § | |
| | § | |
| vs. | § | Civil Action No. _____ |
| | § | |
| AMERIHOME MORTGAGE COMPANY, | § | |
| LLC. | § | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§1331, 1332, 1446 and LOCAL RULE 81, Defendant AmeriHome

Mortgage Company, LLC ("AmeriHome") removes Cause No. 22-CV-0980, *Cynthia Frey-*

*Hodge v. AmeriHome Mortgage Company, LLC* from the 56th Judicial District Court, Galveston

County, Texas, to the United States District Court for the Southern District of Texas, Galveston

Division.

**I.**
**INTRODUCTION**

Plaintiff Cytnthia Frey-Hodge ("Hodge") filed her Original Petition, Application for

Injunctive Relief and Request for Disclosures (the "Petition") in state court on June 2, 2022.[1/]

The subject of the lawsuit is real property located at 4924 Avenue O, Galveston, Texas 77551

(the "Property"), which AmeriHome had posted for a non-judicial foreclosure sale on June 7,

2022.[2/]  Hodge seeks unspecified actual damages and exemplary damages from AmeriHome in

connection with the noticed foreclosure, a declaration that AmeriHome's "pending foreclosure

sale . . . is wrongful," and an injunction restraining AmeriHome from foreclosing the Property.[3/]

---

[1/]  *See* Exhibit A-2: Petition.

[2/]  *Id.* at ¶¶6, 12.

[3/]  *Id.* at ¶¶17, 31, 34, 40.

## II.
## TIMELINESS AND CONSENT TO REMOVAL

Hodge filed her Petition in state court on June 2, 2022, and, to date, AmeriHome has not been served with process.  Accordingly, this Notice of Removal is timely filed within thirty (30) days of service of the Petition and citation, as required by 28 U.S.C. §1446(b)(1). *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

AmeriHome is the only defendant in this action, and, therefore, all named defendants have consented to and joined in this removal.  *See* 28 U.S.C. §1446(b)(2)(A).

## III.
## VENUE IS APPROPRIATE

Venue is proper in the U.S. District Court for the Southern District of Texas, Galveston Division, because this district and division includes Galveston County, Texas—the location of the pending state court action.  *See* 28 U.S.C. §124(b)(1)(stating that the Galveston Division of the Southern District includes Galveston County).

## IV.
## PROCEDURAL REQUIREMENTS

Pursuant to 28 U.S.C. §1446(a) and LOCAL RULE 81, copies of all executed process, pleadings asserting causes of action and the answers thereto, orders signed by the state judge and the docket sheet in the state court action, as well as an index of matters being filed and a list of all counsel of record, are attached to this Notice of Removal. AmeriHome also is filing a copy of the Notice of Removal with the Galveston County 56th Judicial District Court, pursuant to 28 U.S.C. §1446(d).  No party has requested a jury trial.

## V.
## BASES FOR FEDERAL SUBJECT MATTER JURISDICTION

**A.     Diversity Jurisdiction.**

Under 28 U.S.C. § 1332(a), diversity jurisdiction exists when there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 355 (5th Cir. 2017).  "[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (internal citations omitted).  Both statutory prerequisites for diversity jurisdiction are clearly present here.

**1.     Complete Diversity Exists.**

Hodge is an individual who is domiciled in Texas, residing in Galveston County, Texas.[4] Because Hodge is domiciled in Texas, she is a citizen of this state for diversity purposes. *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 767-68 (5th Cir. 2015).

AmeriHome is a Delaware limited liability company.  The citizenship of a limited liability company is "determined by the citizenship of all of its members." *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, L.L.C.*, 757 F.3d 481, 483 (5th Cir. 2014).  The sole member of Amerihome is Western Alliance Mortgage Holding Company, LLC, which is itself a Delaware limited liability company. The sole member of Western Alliance Mortgage Holding Company, LLC is Western Alliance Finance, Inc., an Arizona corporation with its principal office located in Arizona. A corporation is citizen of both its state of incorporation and the state where it maintains its principal office. *See* 28 U.S.C. § 1332(c)(1). AmeriHome, therefore, is a citizen of Arizona for diversity purposes.

---

[4]    *Id.* at ¶2.

Because no properly joined defendant is a citizen of the same state as Hodge, complete diversity of citizenship exists in this case.

### 2.      The Amount in Controversy Exceeds $75,000.00.

A court may determine that removal was proper if it is facially apparent from the complaint that plaintiff's claims are likely to be above the jurisdictional amount. *De Aguilar v. Boeing Co.,* 11 F.3d 55, 57 (5th Cir. 1993).   When a plaintiff does not allege an amount of monetary damages, the removing defendant "must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000."  *Chavez v. State Farm Lloyds*, 746 F. App'x 337, 341 (5th Cir. 2018) (internal quotations omitted).

Hodge's Petition does not allege a specific amount or range of monetary damages. However, Hodge seeks a judicial declaration that AmeriHome's foreclosure activities are "wrongful," and injunctive relief precluding AmeriHome's foreclosure of the Property. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Com'n*, 432 U.S. 333, 347 (1977)).   Here, that object is the Property itself.   *Id*. ("("The purpose of the injunctive and declaratory relief, to stop the foreclosure sale of the properties . . . establishes the properties as the object of the present litigation.").

The fair market value of the Property, according to the most recent appraisal by the Hidalgo County Appraisal District, is at least $456,700.00.[5/] It is therefore beyond dispute that the amount in controversy in this case exceeds $75,000.00.

---

[5/]   *See* Galveston Central Appraisal District Summary attached as Exhibit A-6.  It is appropriate for the court to take judicial notice of the Galveston Central Appraisal District Summary because it is a public record and the information it provides is readily ascertainable and the source—the Galveston

## CONCLUSION

Having satisfied the requirements for removal under 28 U.S.C. §§ 1331, 1332, 1446 and

LOCAL RULE 81, AmeriHome gives notice that Cause No. 22-cv-0980, now pending in the 56th

Judicial District Court, Galveston County, Texas, has been removed to this Court.

Respectfully submitted,


By:   */s/ Joshua A. Huber*
      Joshua A. Huber
      Attorney-in-Charge
      State Bar No. 24065457
      SD Tex. Bar No. 1001404
      BLANK ROME LLP
      717 Texas Avenue, Suite 1400
      Houston, Texas 77002
      (713) 228-6601
      (713) 228-6605 (fax)
      jhuber@blankrome.com

ATTORNEY FOR DEFENDANT AMERIHOME
MORTGAGE COMPANY, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2022, a true and correct copy of the foregoing and/or attached instrument was served electronically on all counsel of record through the Southern District of Texas CM/ECF filing System, and also as indicated below:

**Via E-mail:**
Robert C. Vilt
VILT LAW, P.C.
5177 Richmond Ave., Suite 1142
Houston, Texas 77056
clay@viltlaw.com

      */s/ Joshua A. Huber*
      Joshua A. Huber

---

Central Appraisal District—cannot reasonably be questioned.  FED. R. EVID. 201(b)(2), 803(8); *see Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011); *Johnson v. United Healthcare of Tex., Inc*., 167 F. Supp. 3d 825, 835 (W.D. Tex. 2016) ("district courts in this circuit have routinely held that materials printed off a government website are admissible under [FRE] 803(8).")